# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**MIGUEL ENCINIAS,**

      **Plaintiff,**

**v.**                                        **No. CIV 98-1210 BB/LFG**

**EDSON WAY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT

**THIS MATTER** is before the Court on Defendant's motion to dismiss. Having considered the written submissions of the parties, the Court is convinced the motion is legally correct and it will be Granted.

## Discussion

### I. Plaintiff's Claims

Plaintiff, Miguel Encinias, *pro se*, alleges that he applied for the position of Director for the Hispanic Cultural Center. In response to his application, Plaintiff received a letter from Defendant, Edson Way, the Director of the New Mexico Office of Cultural Affairs. This letter explained that the application would be considered by a Selection Committee. Plaintiff attaches another letter from

**Defendant to the Selection Committee suggesting "each individually make a list of the most important criteria you have [for] the directorship and then try to select your six top candidates from this pool." Plaintiff's Resp. Ex. 1. Plaintiff further alleges that even though he met the basic requirements, his references were not contacted and he was not granted a job interview. Plaintiff wrote Defendant demanding "redress of the wrong committed by the Committee under his jurisdiction." For his "cause of action," Plaintiff concludes that such actions are in "violation of my civil right to compete for a public service position of the State of New Mexico." *See* Compl. at C. "Cause of Action" at 3. Plaintiff's complaint cites 42 U.S.C. § 1983 as the basis for his claim.[1] As a remedy, Plaintiff suggests "substantial damages, enough to send a firm message to all civic agencies against such practices so damaging to order and justice" as well as a court order "nullifying it, and ordering a new search by a committee with firm guidelines and equally firm supervision." Plaintiff also seeks a remedy "for damage to my reputation and professional standing."**

---

[1] Both parties discuss problems with Plaintiff's service of process. However, Defendant has waived these problems "in an attempt to have this matter quickly resolved."

## II. The Eleventh Amendment Bars Any Official Capacity Claim

A state is immune from suit in federal court unless Eleventh Amendment immunity has been waived. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990), quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), quoting *Employees v. Missouri Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973). This amendment also bars a federal suit against a state official for official acts when the state is the real target of the action. *Copper S.S. Co. v. State of Mich.*, 194 F.2d 465 (6th Cir. 1952); *Todaro v. Norat*, 902 F. Supp. 70 (S.D.N.Y. 1995). The acts in Plaintiff's complaint are those of a state committee and not Defendant individually. Plaintiff seeks "substantial" damages, which must impact the state treasury and federal court supervision of the state committee.

Plaintiff does not maintain New Mexico has waived its Eleventh Amendment immunity but rather merely quotes the Fourteenth Amendment after quoting the Eleventh Amendment. While the Court cannot determine exactly what legal significance Plaintiff attributes to the language of these two

constitutional amendments, it is clear neither New Mexico[2] nor Congress[3] has waived the state's sovereign immunity so any claim against Defendant in his official capacity is barred.

III. **Plaintiff's Claim Must Be Dismissed Under Federal Rule Of Civil Procedure 12(b)(6)**

Neither a state nor a state official acting in his or her official capacity is a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's complaint fails to state any claims upon which relief could be granted under 42 U.S.C. § 1983 against Defendant. Federal Rule of Civil Procedure 12(b)(6) therefore requires this action be dismissed.

Additionally, Plaintiff has not identified the source of any property right which he is entitled to have protected under the Fourteenth Amendment. Before he can rely on 42 U.S.C. § 1983 as a remedy for a deprivation of his property interest, Plaintiff must first establish that he has a protected property interest. *See Sipes v. United States*, 744 F.2d 1418, 1420 (10th Cir. 1984). To establish a property interest, one must have a "legitimate claim of entitlement" to the

---

[2] *See* NMSA § 41-4-4F (1996 Repl. Pamp.).

[3] *Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, 415 U.S. 651 (1974).

particular benefit. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). The sufficiency of such a claim of entitlement is determined by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344 (1976).

Plaintiff apparently claims that he had a property interest in some unspecified procedure which required that all applicants for a state employment position who met the basic requirements of the position must be interviewed before the final selection is made. Plaintiff does not identify the source of any such requirement. However, under New Mexico law, the scope of a property interest in public employment cannot be expanded by reference to unwritten practice and procedures. *See Russillo v. Scarborough*, 935 F.2d 1167, 1170-71 (10th Cir. 1991). *See also Graff v. Glennen*, 748 P.2d 511 (N.M. 1988).

Clearly, the allegations of Plaintiff's complaint are insufficient to establish or even allege that Plaintiff had a protected property interest in the Director position at issue which would have required that he be interviewed simply because he may have met the basic requirements for the position. *See Schanuel v. Anderson*, 546 F. Supp. 519 (S.D. Ill. 1982), *aff'd*, 708 F.2d 316 (7th Cir. 1983). Therefore, Plaintiff's complaint fails to state a claim for due process violation and must be dismissed.

**Finally, even if Plaintiff had properly stated a claim against Defendant, such claim would be subject to dismissal based on the doctrine of qualified immunity. Qualified immunity will shield a defendant from liability under 42 U.S.C. § 1983 if his actions did not "violate clearly established statutory or constitutional rights which a reasonable person would have known."** *Harlow v. Fitzgerald*, **457 U.S. 800, 818 (1982). Plaintiff merely alleges that he was denied the opportunity to interview for a position for which he met the basic qualifications. Plaintiff identifies no statute, rule or other authority which requires that he be interviewed. These allegations do not meet the requirements to set forth a claim under the Fourteenth Amendment.** *Bettio v. Village of Northfield*, **775 F. Supp. 1545 (N.D. Ohio 1991).**

## O R D E R

**For the above stated reasons, Defendant's motion is GRANTED, and Plaintiff's complaint is DISMISSED WITH PREJUDICE.**

**Dated at Albuquerque this 14th day of April, 1999.**

**BRUCE D. BLACK**
**United States District Judge**

**Plaintiff,** *pro se*:

    **Miguel Encinias, Albuquerque, NM**

**Counsel for Defendant:**

    **Barbara Pryor, McCary Wilson & Pryor, Albuquerque, NM**